**FEDERAL TRADE COMMISSION,**
Plaintiff–Appellee,

v.

**AMERICALOE, INC.; et al.,**
**Defendants–Appellants,**

and

**David R. Friedman; et al., Defendants.**

No. 06–16373.

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2008.*

Filed April 10, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael D. Bergman, John F. Daly, Matthew Daynard, Leslie Rice Melman, FTC—Federal Trade Commission, Washington, DC, David M. Newman, Federal Trade Commission, San Francisco, CA, Blaine T. Welsh, Esq., Assistant U.S., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Bryan W. Pease, for Defendants–Appellants.

Jason Berkes, pro se.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Defendants Americaloe, Inc., Jason Berkes, Bela Berkes, and Seasilver USA, Inc., appeal the district court's grant of the Federal Trade Commission's motion to enforce a stipulated judgment and denial of Defendants' motion for reconsideration. We conclude that Defendants did not meet the requirements necessary to relieve a party from a final judgment under Federal Rule of Civil Procedure 60(b) and thus affirm.

■ First, the alleged delay of the FTC in executing the agreement did not justify relieving Defendants from the judgment to which they stipulated. Defendants knew of the alleged delay but did not seek to withdraw from the agreement before the Stipulated Final Judgment was entered by the district court. It is too late for them to complain about that now. Moreover, we are not satisfied that the loss of the Berkes residence to foreclosure would have entitled Defendants to a modification in any event, because they should have anticipated that changing conditions could make their performance more difficult. *See Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 385, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992). At the time of signing, Jason Berkes had not paid his mortgage for approximately four months and was already in default. If the passage of time was of concern to Defendants, they could have sought to sell the property and apply any equity to their obligation to the FTC sooner rather than later.

■ Second, the $120 million amount was not barred as punitive. Under 15 U.S.C. § 53(b), the FTC's authority is not limited to the power to issue an injunction; rather it includes the " 'authority to grant ancillary relief necessary to accomplish complete justice' " including "the power to order restitution." *FTC v. Pantron I Corp.,* 33 F.3d 1088, 1102 (9th Cir.1994) (quoting *FTC v. H.N. Singer, Inc.,* 668 F.2d 1107, 1113 (9th Cir.1982)). The amounts the consumer paid is a proper basis for restitution. *FTC v. Gill,* 265 F.3d 944, 958 (9th Cir.2001). The amount of the stipulated judgment, $120 million, was less than the total amount paid by customers for Defendants' product during the previous three years. That figure thus bears a sufficient relationship to Defendants' potential exposure to be permissible as a stipulated judgment amount.

■ Finally, we are not persuaded that the $120 million judgment was unconscionable. The judgment was not procedurally unconscionable because there was no "inequity of bargaining power [that] results in no real negotiation and an absence of meaningful choice." *Circuit City Stores, Inc. v. Mantor,* 335 F.3d 1101,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1106 (9th Cir.2003) (internal quotation marks omitted). Defendants were represented by independent counsel in the proceedings before the district court and in the negotiations of the stipulated final judgment. Also, Defendants could have withdrawn their agreement at any time before submission to the district court. Substantively, the judgment is not "so one-sided as to shock the conscience." *Id.* at 1107 (internal quotation marks omitted). The stipulated judgment barred Defendants from deceptively advertising their product and imposed a monetary judgment roughly equal to the sales of the deceptively marketed product. If Defendants lacked leverage because they lacked a valid defense, that is not reason to protect them from their potential exposure.

**AFFIRMED.**